Good morning, Your Honor. Can I reserve three minutes from the event? May it please the Court, I represent Petitioner Behringer Harvard Lake Tahoe LLC, which is the borrower. I also represent the real parties in interest, Behringer Harvard Strategic Opportunity Fund I and Opportunity Fund II LPs, which are the guarantors in this case. We seek a vacation of the district court's order to transfer the case to the Northern District of Texas pursuant to 1404A. Don't we have to have jurisdiction before we do that? I think there's no jurisdiction in any federal court. But it's a chicken and egg problem. How do we get to the bottom of the issue that has been brought to our attention with regard to the domicile of each and every one of the members of the LLCs? I think that in terms of, I think, look at the two cases, I think that the Nevada case needs to be remanded to the state court. Well, if we're satisfied that there is not complete diversity, but you're not answering my question. My question is, how do we get to the relief that you are seeking if we don't have jurisdiction? Because if we don't have jurisdiction, then we don't have the power or the authority to do anything, do we? I don't think that the district court had the power to transfer the case to Texas. So I think that... Well, it clearly had the power under the statute if there is otherwise diversity. If there was jurisdiction. So that's why I say it's a chicken and egg problem. Don't we have jurisdiction to determine our jurisdiction? I think... How do we do that? I understand that. I understand the conundrum. I understand the conundrum. And I think... Well, jurisdiction has been established, at least initially. Because you filed a complaint, and in the complaint you stated the citizenship, or your client stated the citizenship of the entity. Isn't that correct? That's not correct. We filed a complaint in state court in Nevada. And what did you say about... We said that in state court we were a citizen of Nevada. We don't have to plead diversity of citizenship. We don't have to plead all of our citizenships. And it's correct. We are a citizen of Nevada. But if on the face of the complaint there is removal, if removal is appropriate on the face of the complaint, then why is it then inappropriate for the district court to assume jurisdiction over that case? Because on the face of the complaint, it wasn't because Bank of America did not plead the citizenship of all the constituent members of the LLC, which they are required to do. All we said is that we were a citizen of Nevada, which is correct. We're also a citizen of Texas. We're also a citizen of North Carolina and several other states, many other states. There are a thousand members of two out of the three LLCs. When I got to North Carolina, I stopped... There are numerous members that are citizens of North Carolina that destroy subject matter jurisdiction as to Bank of America. So what's right about that? Why can't the Texas judge dismiss the case for lack of diversity of jurisdiction? Because the case shouldn't be in Texas. Well, maybe it should or shouldn't, but he has the power. If there's no jurisdiction there, he can give you the relief you want, can't he? Well, if the case was improperly transferred there, okay, then the court should make that determination. If this court decides that a district court needs to further investigate the subject matter jurisdiction... Let's say we were to say venue was kind of a discretionary call on the part of the sending judge. Now it's in Texas.  So it means it will be heard by the judge in Texas. That's accurate. That's accurate. What exactly is the problem with that? Well, in terms of whether or not the case was properly transferred in the first place to Texas. So that brings us to why we're here. That's right. Right? Right. That's right. That's right. Because going back to the subject matter jurisdiction, if this court decides that there needs to be some determination made by one of the two district courts as to the citizenship of the parties, we believe that that should be decided by the District of Nevada, not by the District of Texas. Oh, right. Because the case should never have been transferred to the District of Texas in the first place. When we're convinced that we have jurisdiction, we can't grant the writ of mandate and order the transfer order vacated. And you're certainly free to go before Judge Fish in the Northern District of Texas and ask for discovery with regard to jurisdiction and establish the representations that you just made to us at the podium are true, that the case is not completely diverse. And at that point, you would, I assume, move before Judge Fish to dismiss the case in Texas. That would then land you back in the district court in Nevada. You would make the same motion there, showing the order of the district court in Nevada or in Texas. And presumably, the Nevada court would then dismiss the federal district court action pending in Nevada, and you'd be back in state court. So you'd get where you want to be. That, again, assumes that the burden was on us in the first place to have pled this. It wasn't our burden. Counsel, you are here on a petition seeking a writ of mandamus. That's right. You have the burden now in this court to convince us that we have jurisdiction before we can address the merits of your petition for mandamus. Based on what you just said to us, we don't have jurisdiction. Therefore, if we're convinced that we don't have jurisdiction, then it seems to me we can very quickly resolve this case. We enter an order dismissing your petition for lack of jurisdiction, and then you can do what you're going to do in the district courts in Nevada and in Texas, and we will trust that Article III judges will honor their obligation under the Constitution and laws of the United States. Well, the problem, again, is it extends to the jurisdiction of the District of Nevada when it transferred the case for a certain portion of the court. The argument is that neither court has jurisdiction. That's exactly right. And we can't make that determination as a court of appeal. We don't have the power to convene a trial or a hearing or order discovery. We have to send that back to trial judges. And so it should go back to the District Court of Nevada. Well, right now the case is in the District Court in the Northern District of Texas. Because it was improperly transferred there. But if we don't think that we have jurisdiction, then we can't unwind that improper transfer. We have to assume that a federal district judge in Dallas will follow the law. But this court also can't instruct the district court, the Northern District of Texas, to judge this is what you need to do there. This court does have power to tell the District Court of Nevada this is what you need to do. If we have jurisdiction. Right. So help me, counsel. What do you want us to do? If the court doesn't believe that this case should be automatically remanded to the District Court of Nevada with instructions to send this case back to State Court Nevada and dismiss the Texas case because citizenship of the LLC was not properly pled in the first place. We don't know that based on what Judge Rawlinson asked you. The only thing that is in front of us, if we go back to the time when the case was filed, is a representation that you made that the entity bringing the lawsuit was domiciled in a corporate or LLC citizen of Nevada. No, no. We absolutely know that the members of the LLC, their citizenship was not pled. It was pled as though the LLC was a corporation. The membership of the LLC's citizenship was never pled by Bank of America. So are you saying it's Bank of America's obligation to plead the citizenship of the LLC of your clients? Yes, absolutely. And so what case says that when a matter is removed from State Court to Federal Court, the entity seeking removal has to plead the citizenship of the parties? What case says that? Well, I'm not sure if it's in the removal context, but certainly the cases of Johnson with the treatment of the corporations for purposes of diversity jurisdiction has to be pled. The United States case- I understand that the citizenship has to be pled, but my question is, what case says that the party seeking removal has that obligation to plead the citizenship of the LLC in addition to whatever was pled in the State Court? Again, in the State Court, we did not plead the citizenship of the members of the LLC. But I'm asking you, what case puts that obligation on the removing party once it's in Federal Court? I don't have a specific case site, Your Honor. Let's assume that the law holds that the removing party from the State Court action is entitled to rely on the allegations of the complaint that the LLC is a Nevada domiciliary. And when it gets removed to Federal Court, wouldn't the obligation then be on the party that was removed to object to the jurisdiction and show that it is, in fact, not just a Nevada corporation or entity, it is the citizenship is made up of all of the domiciles of its individual members, and here's our registration list, and here's where they get their mail, or whatever you would do to prove where they're domiciled, and at that point move the District Court to remand the action back to State Court. No, that's not how I understand it, Your Honor. It's the obligation of the removing party to strictly follow the constrictors of the removal jurisdiction and plead diversity properly, and that would be to plead the citizenship of the LLCs and LPs. Let me ask a question about the standard of review on the change of venue. My understanding is that that's reviewed for abuse of discretion. Is that right? In terms of weighing the factors, that's right. It's interesting here, though, that we also have a couple of points that is interpretation straight of law. We have an interpretation of Nevada revised statute 4055 and generally the anti-deficiency statutes of Nevada in general, which I don't think is just on abuse of discretion. That's an error of law. But that's a merits determination, isn't it? That's the subject of later motions for 12b-6 or maybe Rule 56. No, the court considered that as the most important consideration in her factors to transfer under 1404A. So that factor is kind of a combined interpretation of law as well as then weighing factors under 1404A. As to rule for you, we would have to find, number one, that the judge got the Nevada law wrong, number two, that the judge abused, is it her discretion? Yes. And number three, that all of this is so extraordinary that you're entitled to mandamus relief, which is unusual and not something that is done lightly. We have to find all of that for you to prevail. That's right. That's a hard road to hoe. It is a hard road to hoe. I agree with that. In terms of her application of Texas law instead of the deficiency laws of Nevada, she, I believe, misinterpreted Key Banks. In Key Banks, she stopped at the point of the court saying, the Nevada Supreme Court saying, that the law of Alaska applied to the note and the guarantee, which, in fact, the court said. But the real holding of the case there is an important point not to miss. The district court in Key Banks had dismissed the lender's claim against the guarantor under Alaska law because Alaska law does not allow for a deficiency post-foreclosure. And so what the Nevada Supreme Court says is, but Alaska law does not apply to deficiencies that are outside Alaska. It does not apply extraterritorially because the property was in Nevada and the foreclosure law took place in Nevada. So in terms of the Alaska deficiency law that would have barred the claim, it said, we're overturning the lower court. Similarly- You're out of time. Okay. Thank you, Mr. Bruce. Before we hear from the respondents, let me ask them how you folks are going to divide up your time. Yes. I'd like to reserve five minutes. We have 15 minutes. I'll take 10 minutes. And you're who, sir? I'm sorry. Mr. Sonny McIntyre will take five minutes. You're Mr. Dela- Dela Kanakis, Your Honor. Okay. I'm sorry. You're going to take how much? Ten minutes. Okay. Got it. Thank you. There's a concession that my colleague made at the opening of his argument, was that no federal court has jurisdiction over this matter. If no federal court has jurisdiction over this matter, this court has no jurisdiction over this matter, and that's why this matter needs to be dismissed. What's troubling, and I think we've already argued this in motion, which my colleague filed some time ago, that we somehow had a burden to prove jurisdiction. Well, that's just not the law, and I think Judge Tallman correctly outlined the state of the law at this point. We are entitled to rely, and Judge Rawlinson, we are entitled to rely on the four corners of his complaint when at the time that he files it, and at the time that the borrower filed this complaint, they alleged in no uncertain terms that they were citizens of the state of Nevada. So I know my colleague wants to re-argue this issue, but that's really not before the court, because this court's already decided that issue in denying his motion. So then we do have jurisdiction. You have jurisdiction to determine your jurisdiction. Well, I mean, I think maybe I wasn't following what you were saying. I understood you to say that they pled that they were citizens of one state, you are citizens of another state. At the time of filing. You've got diversity. Okay, now what in the record has changed? What is changing? Their motion and their representations to this court that they now have ample evidence to show that there's a lack of jurisdiction. So is it conclusive? No. But does it raise a specter that this court lacks jurisdiction? We don't know if we have jurisdiction or we don't. You don't. So what do we do? You dismiss this writ. Why would we dismiss it? Why wouldn't we inquire? Why don't we do what Judge Talmadge suggested and let the district judge in Texas decide whether there's diversity or not? At the best, I think you should probably dismiss it, but at best you would stay this, because this is not the appropriate court to engage in that analysis. Why don't we stay it? What we have before us is a writ of mandamus. That's the only thing we have before us now. If we resolve the writ of mandamus one way or the other, then the other courts will know what they need to do on this case. I'm not convinced that we don't have jurisdiction, because that issue is not before us, really, whether or not there's diversity. The issue before us is whether or not the district court properly transferred this case to the state of Texas. That's the issue before us. And our jurisdiction to determine that is clear. If that's the case, if that's the concern of the court, then certainly the lower district court did follow not only the required elements. In other words, this court's concern on a writ of mandamus, which is, of course, the abuse of discretion standard, and it was articulated in the Northern Acceptance Trust case, when there was a similar case where there was a case where the lower district court judge didn't actually go through any of the eight factors, even address the two primary elements of 1405A. In that case, the court said, we can and must prevent injustice by demanding that the trial judges respect the standards of the statute. I don't think in looking at what the lower court did, Judge Dude did in this case, in thoroughly addressing all eight factors and making factual conclusions and moreover making legal conclusions by applying Nevada case law as to the application and choice of law. That case, of course, is the Siebers, which grants parties in Nevada broad rights to choose the law that they want to use in their agreements. And then the judge then looked at the Key Bank case. And the judge also looked at the Lowe case, which in 2002, interestingly, in a case involving the sale of land, in a case involving the very same statute that my colleague claims prohibits any application of a choice of law, they looked at certain situations where the application of 40.453 would lead to an absurd result. And that was the same language that Judge Dude used in her own decision. And in that case, in the Lowe case, the court first made the finding that the statute 40.453 was ambiguous. And then it said, in the context of any right relating to any document relating to the sale of raw land or land, such things as arbitration agreements, form selection clauses, and choice of law provisions would be unenforceable. The Nevada legislature could not have intended such a result when it enacted 40.453. So I think the judge was correct in relying on this case in her decision. So at the end of the day, in conducting your analysis, which is not a de novo review, you have to conclude that Judge Dude did have the power, I guess, to transfer it. She did have the power to transfer it, that she did address all of the factors under the statute. She did conduct analysis. And what I haven't seen yet is some claim from the other side that there was some manifest abusive discretion in making those factual determinations and actually considering those facts. So when you started off by saying we ought to dismiss for lack of jurisdiction, that's not really what you're asking us to do. You're asking us to deny the writ of mandamus because there was no abusive discretion shown. And let the jurisdictional question be fought out wherever it's going to be fought out. Correct. It's actually a two-pronged argument. I probably jumped at the opportunity when my colleague conceded that no federal court has jurisdiction. It's like, well, if no federal court has jurisdiction, I think it begs the question as to why are we here? You can't unring the bell. I mean, at some point they have to put up whatever evidence they have. Now, the place to put up that evidence is where the case is pending now. The relief they're asking is extraordinary, and I just don't see any why you would waste judicial resources by then ordering the Texas court to send it back to Nevada. What I have not heard from my colleague is why one U.S. district court is more competent than another U.S. district court where the case is currently pending. Can I ask a question? I'm sorry. No, go ahead. It's my understanding that the district court in Texas has also stayed its proceedings pending our resolution of the writ of mandamus. That is correct, Your Honor. So if we stayed our action, what would happen at that point? It's actually already happening. Once we receive the brief from the motion from the borrower saying that we have some evidence that there may not be diversity jurisdiction, last week we filed an emergency motion in the U.S. District Court of Texas saying, hey, we have a threshold issue, and we need to engage in jurisdictional discovery to determine that threshold issue. And I think that is the most economic and the simplest way to address this. So I don't know why this court would want to go through all of the effort to render a reasoned opinion if there is, at least at this point, a likelihood that there is a question as to jurisdiction. So you can either dismiss it or you can stay it. But Judge Fisch has not vacated his stay order, nor has he ruled on your emergency motion. Correct. That is correct. That is correct. So we have a little bit of an Alfonso Gaston problem here. Right. Well, I don't want to speculate what a U.S. District Court judge in Texas is going to do, but if this court says we have some questions as to jurisdiction have been raised. We are not the most appropriate venue to engage in this jurisdictional analysis. We do find that Judge Due did not abuse her discretion in transferring the case and applying federal law and met all the factors, and that was not a problem. So we find that the case is rightfully in Texas. So, therefore, we're going to stay our action. But now he wants to take in the ice cream. I do. I do. But then you can find, look, so the point of this is rather mooted. So once the jurisdictional discovery occurs in Texas, one of two things are going to happen. There's either going to be a finding that there, in fact, is diversity jurisdiction and we'll proceed on our merry way in Texas. If Barrow still feels a compelling need that somehow it's unfairly in Texas, I'm sure they can raise that issue either through a writ of mandamus in the Fifth Circuit or even showing extraordinary circumstances, which I don't think they can, come back here. But at the end of the day, the writ should be dismissed. So, yes, if I had to have to choose between cake and ice cream, I'm going to choose dismissal because that is, in fact, what really should occur. And they're not waiving anything. They're not unfairly prejudiced. They can wage the battle as to choice of law and jurisdiction and form all in the most appropriate form, which is, of course, the U.S. District Court. And, again, I don't, I have not heard why one U.S. District Court is more appropriate than another or cannot engage in that analysis in a fair and impartial manner. Thank you. Thank you. Hi, police and court. My name is Sonny McIntyre. I'm from Dallas. I represent real parties in interest, Cushman and Wakeville of Colorado and Christopher Donaldson. At the outset, I should point out that Mr. Donaldson has filed a jurisdictional challenge in the Texas proceedings and any involvement in these proceedings are certainly without waiver rather than reserving our personal jurisdictional challenge, which remains pending. I'd like to first address the subject matter of jurisdiction. The bill cannot be unrun. I don't think this court has any discretion. I think the court has to stay the current situation and allow some type of discovery to be conducted by the parties who really are the parties. What bill are you referring to? The bill on subject matter of jurisdiction. Well, what did we hear? I don't know what you're referring to exactly. If there's no subject matter of jurisdiction in the original. Who says? I mean, but how do we know there's no subject matter of jurisdiction? We don't know that, but we have representation by counsel that there is a specter of a lack of subject matter of jurisdiction. I know, but why does that concern us? Why don't we just deal with the writ of mandamus and let the district judge in Texas deal with whether he has jurisdiction? Because that would render your process here and your proceedings here unnecessary and ultimately void. Do you object to our dismissing the petition for writ of mandamus? I don't object to the dismissal. I think there's an alternative remedy. I think the remedy is to stay these proceedings and allow jurisdictional discovery to be conducted. Why are you better off having us stay the writ against you instead of dismissing the writ against you? I don't know that I've really weighed it and evaluated it in that context. Well, let me ask you, we have to make a decision. I understand. I understand. Well, I would suggest that you dismiss this based on representations of counsel. Dismiss the writ. But the problem I have with that is that any counsel can come in at any time and say you lack jurisdiction. And if we take that as a given, then we couldn't decide anything. I mean, the court had jurisdiction at the time the court acted. Until there is a determination that subject matter jurisdiction is lacking, we have jurisdiction. Ma'am, in all due respect, I disagree. Why? For the following reason. Subject matter jurisdiction is not something that comes and goes. You either have it or you don't. And it never existed. It never existed. It's not created by agreements of counsel. You can't concede or agree to subject matter jurisdiction. If there was no subject matter jurisdiction when this case was removed, the Nevada court never had jurisdiction to do anything. I agree. But at the time the case was removed, on the face of the complaint, there was subject matter jurisdiction. And there has not been a determination that subject matter jurisdiction is lacking. If there had been that discovery and there was a prima facie showing that there was a lack of jurisdiction, maybe I would agree with you. But now we're dealing in the realm of speculation and allegations as opposed to anything in the record that credibly attacks the allegations that were made in the complaint. And I think your point is well taken. So my response would be there's an alternative to dismissal, which is stay the proceedings, allow the parties to conduct jurisdictional discovery, subject matter jurisdictional discovery, in the United States District Court in Texas, file the appropriate motions to have the case resolved one way or the other. Does the United States District Court have jurisdiction or doesn't it? If we dismiss the petition, the same thing would play out in Texas, right? It wouldn't change anything. The consequence would be back in Texas addressing the issue. Right. So that's exactly what you want. That would be the ultimate effect. So why should we keep this case open on our docket? Well, I don't know that you need to. That's what you just asked us to do. Well, I was looking for the perspective of the economies of the process, the economies of the process. If the court does have subject matter jurisdiction, that's something that's going to be found out and determined, and in which case this writ would still be before this court. But I think clearly, clearly this court could dismiss the writ. It could dismiss the writ without prejudice. The case could go back to Judge Fish. Judge Fish could resolve the issue one way or the other and then see where we are. I think that would be a logical resolution. And we certainly wouldn't object to that. That seems preferable than keeping the case on our docket for no reason. Yes, sir. I would say this. My clients are tagalongs. I have four or five minutes to argue. We're the victims of a procedural morass that was not created by us. We were brought into this case post-removal. We have been used as a pawn in this venue dispute going back and forth. And we'd like a resolution. We'd like to be in a court. If we're going to be in court so we can get our motion. With all fairness to petitioners, there is a fairly serious allegation that there's some skullduggery with regard to the appraisals that are at the heart of the acceleration of the terms of the note. So you're not exactly a complete innocent bystander if the plaintiff's allegations are true. Well, actually, I would, again, respectfully disagree with the court. We have a pending 12B6 motion and a Rule 12-9 motion to dismiss because the allegations are anything except they're completely conclusory with no substance of factual allegations, and there is absolutely no underlying tory allegation. You don't deny that you made an appraisal? We don't disagree that we made an appraisal. I realize you haven't answered yet. We're not there yet. Your Honors, Mr. Donaldson is seeking to preserve his jurisdictional challenge on a personal level. The subject matter of jurisdiction has created a cloud over these current proceedings, and I do believe either a dismissal or a stay would be appropriate at this point, and I'll yield the rest of my time. Thank you. Mr. Bruce, I think you have the last word, and we'll give you a minute. Thank you, Your Honor. Hang on a second. We're getting the calicock ready. Okay, there you go. I'd like to pick up on that at the heart of the dispute comment. That's precisely opposite of what Judge Dew found, respectfully. She totally disregarded the allegations that were made against Donaldson and Cushman Wakefield and said that's not what this dispute is about, and disregarded all of the convenience of witness factors, even though those same allegations were made as early as the first amended complaint that was raised in state court in terms of tortious interference with business relations and a breach claim, and we also sued Doe defendants at that time. I did want to raise that. Also, there's a case that I wanted to just point you to. It's recently by the Nevada Supreme Court case, Loddy v. 8th Judicial District, 2014 Westlaw 2428749, that does two things. One is as to the guaranteed action, it says it's maintained separately from any action to recover the debt. However, the defenses against a deficiency judgment nonetheless apply after the property is sold at foreclosure, and the guarantor does not waive those defenses, and specifically the concept that the district court judge has that because you can waive the one-action defense if you don't raise it as an affirmative defense at trial. The Loddy case rejects that as to 4455, the six-month limitations, and says you don't waive that. Okay, I think we're out of time. Okay, thank you very much. Gentlemen, thank you as well. The case just started to be submitted. We'll stand in recess for the morning.
judges: SILVERMAN, TALLMAN, RAWLINSON